IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JOHN ZAPATA, an individual and as assignee,** | ) ) ) | **CASE NO. 4:07CV3179** |
| Plaintiff, | ) ) | |
| | ) | **MEMORANDUM** |
| v. | ) ) | **AND ORDER** |
| **BOLDT COMPANY, et. al.,** | ) ) | |
| Defendants. | ) | |

Pending before me are:

- The plaintiff's motion for clerk's entry of default against Defendants Boldt Company and Jeff Johnson, (Filing No. 22);

- The motion to dismiss filed by Defendants McCarty Law and Randall Haak, (Filing No. 24); and

- The motion filed by these defendants to extend the time for filing documentary evidence in support of their motion to dismiss, (Filing No. 26).

### Motion for Clerk's Entry of Default
Filing No. 22

As to Defendants Boldt Company and Jeff Johnson, the court entered an order extending their answer deadline to September 10, 2007. See text order, filing no. 11. These defendants timely filed an answer on September 10, 2007. Filing No. 21. The plaintiff's motion for clerk's entry of default must be denied.

### Motion for Extension of Time
Filing No. 26

Defendants McCarty Law and Randall Haak have filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Filing No. 24. Along with their motion to dismiss and supporting brief, these defendants further moved for additional time to file evidence in support of the motion. Filing No. 26.

The supporting evidence was filed the following day.   Filing No. 27.  The plaintiff never objected to the motion for extension of time.

Accordingly, the unopposed motion for additional time, (Filing No. 26), will be granted, and the evidence filed by Defendants McCarty Law and Randall Haak, (Filing No. 27), has been considered in ruling on their motion to dismiss.

**Motion to Dismiss for Lack of Personal Jurisdiction**
Filing No. 24

Defendants Randall Haak and the McCarty law claim a Nebraska forum cannot constitutionally exercise personal jurisdiction over the plaintiff's claims against them.  Fed. R. Civ. P 12(b)(2).  A plaintiff need only make a prima facie showing of jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction.  Epps v. Stewart Information Services Corp., 327 F.3d 642, 647 (8th Cir. 2003).  See also St. Paul Fire and Marine Ins. Co. v. Courtney Enterprises, Inc., 270 F.3d 621, 623 (8th Cir. 2001)(citing Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991)).  However, once personal jurisdiction has been controverted or denied, the plaintiff has the burden of submitting admissible evidence to support personal jurisdiction over the defendants, and cannot rely on the bare pleadings alone.  Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977)(citing Block Industries v. D. H. J. Industries, Inc.,495 F.2d 256, 259 (8th Cir. 1974).  See also Mountaire Feeds, Inc. v. Agro Impex, S. A., 677 F.2d 651, 653 (8th Cir. 1982).

The plaintiff's complaint alleges subject matter jurisdiction exists based on diversity of citizenship.  A federal court in a diversity case must determine whether the defendants are subject to the court's jurisdiction under the forum state's long-arm statute, and if so,

whether exercise of that jurisdiction comports with due process. Oriental Trading Co., Inc. v. Firetti, 236 F.3d 938, 942 (8th Cir. 2001)(interpreting Nebraska long-arm statute). Neb. Rev. Stat. § 25-536(2) "expressly extends Nebraska's jurisdiction over nonresidents to the extent the U.S. Constitution permits." Kugler Co. v. Growth Products Ltd., Inc., 265 Neb. 505, 511, 658 N.W.2d 40, 47 (2003).

Due process requires sufficient "minimum contacts" between the defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002)(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  In each case there must be some act by which the defendant purposefully availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of that state's laws. Epps, 327 F.3d at 647-48 (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958). These contacts with the forum state must be more than "random, fortuitous, or attenuated." Epps, 327 F.3d at 648 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). In assessing the sufficiency of the contacts, the court considers:

(1) the nature and quality of contacts with the forum state;
(2) the quantity of such contacts;
(3) the relation of the cause of action to the contacts;
(4) the interest of the forum state in providing a forum for its residents; and
(5) the convenience of the parties.

Epps, 327 F.3d at 648 (citing Burlington Industries, Inc. v. Maples Industries, Inc., 97 F.3d 1100, 1102 (8th Cir. 1996)(citing Land-O-Nod Co. v. Bassett Furniture Indus., Inc., 708 F.2d 1338, 1340 (8th Cir. 1983)).

The plaintiff is a resident of Lincoln, Nebraska.  He brings this lawsuit on behalf of himself and as the assignee of MWE Service, Inc., a Nebraska corporation.  This lawsuit

arises from a dispute over a Trade Contract Agreement between MWE and Defendant Boldt for the construction/renovation of Wadsworth Hall at the Michigan Technological University ("MTU") located in Houghton, Michigan. Defendant Boldt was the construction manager, the plaintiff was the trade contractor, and Defendant St. Paul Fire and Marine Insurance Company ("St. Paul") issued a payment bond to cover the project. Filing No. 1, ¶¶ 9-10. Defendants McCarty Law firm and Randal Haak, a partner of that firm, are citizens of Wisconsin and provided legal representation to Boldt and St. Paul on the Trade Contract Agreement.

Though somewhat difficult to decipher from the allegations of the complaint, it appears the plaintiff is claiming he performed work on the MTU construction project, and although Boldt was paid by MTU, neither Boldt, nor its surety, St. Paul, paid the plaintiff. The plaintiff apparently filed a lawsuit against Boldt, and Boldt filed a counterclaim. As to all defendants other than St. Paul, the plaintiff alleges the defendants misrepresented facts or withheld information from the plaintiff, and as a result, the plaintiff suffered economic losses. He claims that in reliance upon the defendants' misleading conduct and communications, the plaintiff expended funds on the MTU project believing he would be paid. He further claims he initiated a lawsuit and defended a frivolous counterclaim believing he would ultimately prevail in court, and would have dismissed or not pursued these legal proceedings had he known the facts being wrongfully withheld by the defendants. Filing No. 1, ¶¶ 16-20. The foregoing described events allegedly occurred in 2004 in Michigan and Wisconsin. Filing No. 1, ¶¶ 16-17.

As to Defendant St. Paul, a Minnesota corporation, the plaintiff's "bad faith" claim alleges that upon Boldt's refusal to pay MWE for work performed on the MTU project, the

4

plaintiff submitted a formal claim for payment to St. Paul. He alleges St. Paul denied the plaintiff's claim based on Boldt's statement that it terminated its contract with the plaintiff when the plaintiff quit working on the project. St. Paul refused to pay on plaintiff's claim, stating it was unwilling to interfere with Boldt's contractual right to withhold funds until the project was completed and Boldt's actual damages could be calculated. The plaintiff claims St. Paul breached its fiduciary duty to the plaintiff by failing to pay the plaintiff, or to adequately investigate the facts underlying Boldt's refusal to pay the plaintiff. Filing No. 1, ¶¶ 24-31.

The plaintiff's "tortious interference" claim against Boldt and Defendant Johnson (an employee of Boldt) alleges these defendants have communicated with the plaintiff's union, Labor Local 1329, and plaintiff's customer, Tweet-Garrett, in an attempt to sever the plaintiff's business relationship with these entities. Filing No. 1, ¶¶ 33-36.

The plaintiff's RICO claim alleges Defendants Boldt and Johnson, and Boldt's attorney Randall Haak and the McCarty law firm, "collectively knew, hid records, [and] provided misleading testimony as to the payments Boldt received [from] Michigan Tech University," as part of "a scheme to defraud Plaintiff [of his] rights to know the truth as to payments Boldt received from the MTU." Filing No. 1, ¶ 44. He claims these defendants used the mail or wires of the United States to carry out this fraudulent scheme in violation of 18 U.S.C. §§ 1343 & 1363. Filing No. 1, ¶ 45.

The plaintiff's malicious prosecution claim alleges that in response to the plaintiff's lawsuit against Defendant Boldt, Defendants Boldt and Johnson, along with Haak and the McCarty law firm, filed a frivolous counterclaim that was litigated in the Michigan courts and through arbitration. The plaintiff alleges he incurred damages in defending against the

5

frivolous lawsuit. He also alleges he was damaged by Defendants Boldt, Johnson, Haak and the McCarty law firm's act of concealing records and providing misleading testimony concerning payments Boldt received from MTU. Filing No. 1, ¶¶ 48-55.

Based on the evidence submitted by Defendants Haak and the McCarty law firm, these defendants are located in Wisconsin and have never maintained a place of business or registered to transact business in Nebraska. They have not regularly transacted or solicited business in Nebraska, and own no real estate in Nebraska. Haak is licensed to practice law in Wisconsin, and not Nebraska. Haak and the McCarty law firm were hired by Boldt, a Wisconsin corporation, to represent Boldt's interests in a lawsuit filed in a Michigan court by MWE, (the plaintiff's assignor), and arbitrated in Michigan before a Michigan arbitrator. Their only contact with Nebraska occurred when, for the convenience of the witnesses, Haak deposed the plaintiff and MWE employees in Lincoln Nebraska during the course of the arbitration proceeding. See Filing No. 27 (Haak affidavit). As evidenced by the plaintiff's complaint, the events underlying the litigated and arbitrated contract dispute occurred in Michigan.

In response to the evidence filed by Haak and the McCarty law firm, the plaintiff has submitted an affidavit stating Haak claimed he assisted Boldt with some matters related to the ethanol plant in Grand Island, Nebraska, and on two occasions, Haak personally delivered litigation-related documents to the plaintiff at his Lincoln, Nebraska office when Haak was in Lincoln to take depositions. See Filing No. 31 (Zapata affidavit).

There is no evidence to support a claim that Haak or the McCarty law firm resides in Nebraska or is "doing business" in Nebraska; that it purposefully availed itself of the privilege of conducting activities within Nebraska by "continuous and systematic" contacts

with this state, (Epps, 327 F.3d at 648)(citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)); or that the plaintiff's claims arise out of or relate to activities performed by these defendants in Nebraska. Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004)(citing Lakin v. Prudential Sec., Inc., 348 F.3d 704, 707 (8th Cir. 2003)(quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).  A plaintiff cannot prevail on a Rule 12(b)(2) motion challenging personal jurisdiction in a Nebraska forum by merely presenting evidence that a Wisconsin lawyer representing a Wisconsin defendant took depositions and delivered documents in Nebraska for litigation pending in Michigan over a Michigan construction contract.   The plaintiff has failed to make a prima facie showing that this court can constitutionally exercise personal jurisdiction over Defendants Haak and the McCarty law firm.  As to these defendants, the plaintiff's complaint must be dismissed.

Finally, as to plaintiff's claims against Defendants Haak and the McCarty law firm, there is no just reason for delay in entering a final judgment,  and final judgment will be entered on these claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

   IT IS ORDERED that:

1. The plaintiff's motion for clerk's entry of default against Boldt Company and Jeff Johnson, (Filing No. 22), is denied;

2. The motion filed by Defendants McCarty law firm and Randall Haak to extend the time for filing documentary evidence in support of their motion to dismiss, (Filing No. 26), is granted;

3. The motion to dismiss filed by Defendants McCarty Law and Randall Haak, (Filing No. 24), is granted; and

4. There being no just reason for delay, a final judgment of dismissal without prejudice will be entered by separate document pursuant to Federal Rule of Civil Procedure 54(b).

DATED this 11th day of October, 2007.

                    BY THE COURT:

                    s/Laurie Smith Camp
                    United States District Judge